

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

December 6, 2024

**Via ECF**

The Honorable Michael E. Farbiarz
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

        Re:    <u>United States v. Caddle, Crim. No. 22-46</u>

Dear Judge Farbiarz:

      On November 26, 2024, the Court docketed Sean Caddle's Motion for Modification of Sentence and Commitment (the "Motion"), and directed the Government to respond by December 17, 2024.  ECF No. 51; Minute Entry of November 26, 2024; <u>see also</u> ECF No. 52 (Caddle's supplemental filing).  For the reasons set forth below, the Court should deny Caddle's Motion.

    **I.**    <u>**Background**</u>

      On January 25, 2022, Caddle pled guilty to a one-count Information charging him with orchestrating a murder-for-hire conspiracy.  ECF No. 1.  That same day, the Hon. John Michael Vazquez ordered Caddle released subject to a $1 million unsecured appearance bond and home incarceration under which Caddle was "restricted to [his] residence under 24 hour lock-down except for medical necessities, court appearances, meetings with counsel, or other activities specifically approved by the court."  ECF No. 5; <u>see also</u> ECF Nos. 9, 10.

      Caddle periodically sought (and obtained) approval to leave his residence.  For example, in March 2023 he received approval to attend a family member's funeral.  ECF Nos. 13 (Caddle's request), 16 (Caddle's amended request), 15 (Judge Vazquez's order), 17 (Judge Vazquez's amended order).  And in April 2023, he received approval to travel to pick up a rental vehicle for his family's move and prescription medication.  ECF Nos. 24 (Caddle's request), 25 (Judge Vazquez's order).

On June 29, 2023, Judge Vazquez sentenced Caddle to 288 months of imprisonment and five years of supervised release.  ECF Nos. 42 (minute entry), 44 (judgment).  Caddle was remanded to custody that day.  ECF No. 43 (order of detention).

On November 26, 2024, the Court docketed Caddle's Motion for Modification of Sentence and Commitment, and directed the Government to respond by December 17, 2024.  ECF No. 51; Minute Entry of November 26, 2024; see also ECF No. 52 (Caddle's supplemental filing).

Caddle's Motion observes that the "period of time that he was on [h]ome [d]etention[] was not applied to his current prison sentence that he is serving now," and asks this Court to order the Bureau of Prisons to give him jail time credit for the period he was on home incarceration.  ECF No. 51 at 1–2.

## II. Analysis

The Court should deny Caddle's Motion for two independent reasons.

First, the Motion should be denied because a defendant's challenge to the fact or duration of his sentence requires him to exhaust administrative remedies and then—if unsuccessful—file a petition pursuant to 28 U.S.C. § 2241.  Even if the Court construed Caddle's Motion as a § 2241 petition, it should deny the Motion because Caddle has not shown that he has exhausted his administrative remedies.

In Preiser v. Rodriguez, the Supreme Court granted certiorari "specifically to consider whether state prisoners may use § 1983 to challenge the constitutionality of acts that deprived them of good-time credits where the remedy would be restoration of their credits and a shortening of their sentence."  See Leamer v. Fauver, 288 F.3d 532, 541 (3d Cir. 2002) (citing Preiser v. Rodriguez, 411 U.S. 45 (1973)).  The Supreme Court concluded that habeas is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.  Preiser, 411 at 498–99; see also Francois v. United States, 2017 WL 349283, at *5 (D.N.J. Jan. 24, 2017) ("In other words, a [habeas] petitioner must raise claims that challenge the very fact or duration of his confinement."); Schmura v. United States Bureau of Prisons, 2018 WL 3873238, at *1 (D.N.J. Aug. 18, 2018) ("A habeas petition is the proper mechanism for an inmate to challenge the 'fact or duration' of his confinement, including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits.") (citations omitted).

"Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims."  Rodriguez v. Sage, 2023 WL 2309781, at * 2 (M.D. Pa. March 1, 2023) (denying motion

seeking order directing Bureau of Prisons to award additional time credits pursuant to the First Step Act) (citing Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000)).  Exhaustion allows agencies to "develop a factual record and apply its expertise facilitates judicial review," "conserves judicial resources," and "provides agencies the opportunity to correct their own errors," fostering "administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761–62 (3d Cir. 1996).  Because Caddle does not claim to have exhausted administrative remedies as to his challenge to the Bureau of Prisons's calculation of his prison term, his Motion should be denied.

Second, the Motion should be denied on the merits because Caddle is not entitled to jail credit for time spent released on home incarceration.

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  While a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed," 18 U.S.C. § 3585(b)(1) (emphasis added), Caddle's period of home incarceration while on pre-sentencing release does not qualify as official detention, and he is therefore not entitled to relief.

In Reno v. Koray, the Supreme Court interpreted § 3585's "official detention" language and held that time spent in a treatment center "while 'released' on bail pursuant to the Bail Reform Act of 1984" was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)), reasoning that a defendant granted bail on restrictive conditions has been released, not detained.  See 515 U.S. 50, 65 (1995).  The same conclusion follows here, where Caddle was also released, not detained, following his guilty plea, and allowed to leave his residence for "medical necessities, court appearances, meetings with counsel, or other activities specifically approved by court," ECF No. 5 at 2, and where Caddle requested—and obtained—approval to participate in other activities, ECF Nos. 17, 25.

The Third Circuit reached the same conclusion in Brown v. Warden Fort Dix FCI, where the district court denied the defendant's request for "credit for the time when he was confined at home as a condition of release on bail," and the Third Circuit affirmed because a defendant released on bail subject to restrictions is "not in any penal or correctional facility," "not in official detention," and thus could not receive credit for time served under § 3585(b).  See 789 F. App'x 291, 292 (3d Cir. Jan. 6, 2020) (per curiam); Rodriguez v. Lamer, 60 F.3d 745, 748 (11th Cir. 1995) (defendant cannot receive credit for time in house arrest before sentencing).  For the same reasons, Caddle's time released on home incarceration was not "official detention" under 18 U.S.C. §

3585, and he is therefore not entitled to receive the jail credit he requests in the Motion.

### III. Conclusion

Caddle's Motion should be denied because he has not exhausted administrative remedies as to his challenge to the duration of his sentence, and even if he had, he is not entitled to jail credit for time spent released on home incarceration.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney


/s/ Matthew Specht
By: MATTHEW SPECHT
Assistant U.S. Attorney

cc:   Sean Caddle (via First Class Mail)