IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SEAN CADDLE,
   PETITIONER,

V.                                        CASE NO. 2:22-cr-00046-MEF

UNITED STATES OF AMERICA,
   RESPONDENT.

RESPONSE TO GOVERNMENT'S REPLY

    Petitioner, Sean Caddle, Pro Se, presents the following response to the Government's reply dated December 6, 2024.
    The Petitioner will respond to the best of his ability, as he is not familiar with Case Law that the Government placed in their reply.
    The Government states that the Petitioner is not entitled to the credit for the time he spent on Home Confinement, which is incorrect, as this Court ORDERED the Petitioner to Home Confinement, with strict stipulations taht he had to adhere to, and abide by.
    Furthermore, the AUSA Matthew Specht was not the Prosecutor on the Petitioner's Criminal Case, nor did he have first hand knowledge of anything that Mr. Caddle participated in regarding this case.

    The United States claims that Mr. Caddle is not entitled to the time he spent on Home Confinement because he did not exhaust his Administrative Remedies first.

As Judge Vazquez ordered Mr.Caddle to Home Confinement, he was placed essentially on "House Arrest" which falls under the EXACT Restrictive Nature as being sentenced to a term at home by a Court.

The Government seems to think that Mr.Caddle is NOT entitled to credit for this period of time at home, under orders from this Court that he cannot have a normal life.

This Government is incorrect and contradicts himself, in his reply when he tells this Court that Mr.Caddle "must exhaust Administrative Remedies" prior to filing to this Court, and then goes on to say that,"Although there is no explicit statutoryexhaustion requirement for 2241 habeas petitions", this Motion that Mr.Caddle filed was not a 2241 Motion, but simply a Motion to this Court for a Modification Of Sentence, which can be filed without the Exhaustion Of Remedies as the recent decision by The United States Supreme Court ruled in the Chevron Case this year.

Also, Mr.Caddle is simply asking this Court to apply the time he spent on Home Confinement, as it is the same credit he would have received if he were in the Federal Detention Center awaiting the outcome of his Criminal Case on Pre-Trial Detention.

If this Court could please review the entire case that surrounds Mr.Caddle, it is clear that Mr.Caddle and the previous AUSA assigned to this case had an agreement on various issues, and Judge Vazquez still sentenced him to 288 months of incarceration, which was a very lengly sentence for the Petitioner.

Mr.Specht goes on to list the following cases, Preiser v. Rodriguez, in which the Supreme Court granted Certoria, and also Leamer v. Fauver, Francois v. United States, and Schumura v. United States Bureau Of Prisons, and if the United States feels that the Petitioner should follow these cases, and file for his time credits the "appropriate way", then it is obvious that the Government is telling this Court that Mr.Caddle's argument

is plausible if it is presented to this Court in the proper format as a 2241 Motion, with "proof of exhaustion of administrative remedies."

The recent decision by The Supreme Court in Chevron, took the burden of agencies of doing an independent review of such claims, and allowing the District Court to decide on cases as Mr. Caddle presents to this Court.

The Government seems to believe that Mr. Caddle being on Home Detention does not "qualify" as a period of incarceration. This is incorrect, as it is EXACTLY the same as if Mr. Caddle were released from a Halfway House, to Home Confinement.

The Petitioner would have to submit to all of the stipulations set forth by the United States Probation Office which supervises "Any Person On Home Confinement", which that person receives credit for time served under a sentence imposed by the United States District Court.

When a person is arrested, and brought before a Magistrate Judge, and ordered held in the Federal Detention Center, that person is receiving credit up until the completion of his/her Criminal Case. When Mr. Caddle was arrested, and ordered by the United States Magistrate Judge to Home Confinement, he should have been receiving the same credit that a person committed to a Federal Detention Center.

Judge, where is the line in the sand drawn with this issue? It should be written into law, if others are allowed to receive credit with the "Discretion of the Court", and others cannot receive the credit because a United States Attorney wants to place Cases into their reply that are not relevant to the Petitioner's very plausible argument.

Mr. Caddle's time on Home Confinement is equivalent to being a form of punishment, aand should be recognized as such by this Honorable Court, as he was under strict supervision by the United States Probation Department.

## CERTIFICATE OF SERVICE

I, Sean Caddle, declare, under the Penalty Of Perjury, that the afformentioned Motion, was mailed via United States Postal Service, Postage, Pre-Paid, and sent to the following address:

United States District Court
The Honorable Michael E. Farbiarz
Martin Luther King Building
50 Walnut Street
Newark, New Jersey 07102

AUSA Matthew Specht

Through CM/ECF

Dated: December 16, 2024

Submitted:
*/s/ Sean Caddle*
Sean Caddle
Reg.No.83176-509
FCI Fort Dix
P.O.Box 2000
Joint Base MDL,N.J.08640

CONCLUSION

Petitioner, Sean Caddle, asks this Honorable Court to recognize all of the facts that he presented, and see that his Motion that was filed on November 26, 2024, in this Court for the application of time credits should be GRANTED in its entirety, as his time spent on Home Confinement constitute as a form of punishment, as he was ORDERED to abide by the EXACT same stipulations as any other person that was sentenced under the Federal Statute to a term of Home Confinement.

Dated: December 16, 2024

Respectfully:

Sean Caddle
Reg.No.83176-509
FCI Fort Dix
P.O.Box 2000
Joint Base MDL,NJ 08640

(4)

SEAN CADDLE #83176-509
FCI FORT DIX
P.O. BOX 2000
JOINT BASE MDL, N.J. 08640

THE HONORABLE MICHAEL E. FARBIARZ
UNITED STATES DISTRICT COURT
50 WALNUT STREET
NEWARK, NEW JERSEY 07102