

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*          973-645-2700
*Newark, New Jersey 07102*

January 27, 2025

**Via ECF**

The Honorable Michael E. Farbiarz
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *United States v. Caddle*, Crim. No. 22-46

Dear Judge Farbiarz:

      Defendant Sean Caddle previously pled guilty to an Information charging him with orchestrating a murder-for-hire conspiracy, was released to home incarceration pending sentencing, and was subsequently sentenced to 288 months of imprisonment and five years of supervised release. *See generally* ECF Nos. 1, 5, 9, 10, 42, 43, 44; see also ECF No. 53 (describing case background).

      In November 2024, the Court docketed Sean Caddle's Motion for Modification of Sentence and Commitment (the "Motion"), which sought an order directing the Bureau of Prisons to recalculate his release date to credit his time on home detention, and ordered the Government to respond by December 17, 2024. ECF No. 51; Minute Entry of November 26, 2024; see also ECF No. 52 (Caddle's supplemental filing).

      In December 2024, the Government filed a Response (the "Response"), which opposed the Motion because Caddle had not exhausted administrative remedies as to his challenge to the duration of his sentence, and even if he had, was not entitled to jail credit for time spent released on home incarceration. *See* ECF No. 53. The Court denied the Motion "for the reasons stated by the United States." *See* ECF No. 54.

      In January 2025, the Court docketed Caddle's Reply, *see* ECF No. 55, and another letter from Caddle (the "Letter"), *see* ECF No. 56, and ordered the Government to respond to the Letter, *see* ECF No. 57.

The Letter did not seek any relief from the Court and explained that Caddle "would not like [the Letter] to be construed as a Motion." *See* ECF No. 56 at 1. The Letter described Caddle's background, his family (and the impact of his incarceration on his family), his work experience and lack of disciplinary history while incarcerated, and his feelings of remorse. ECF No. 56 at 1-2. Because the Letter does not seek any relief, the Court should not grant any.[1]

Further, the Letter does not identify any grounds for relief under 28 U.S.C. § 2255 or any other provision. Even if the Court construed the Letter as a motion for compassionate release under 18 U.S.C. § 3582, no relief would be appropriate for two independent reasons. First, Caddle has not shown he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility," as is required. *See United States v. Johnson*, 2022 WL 1402048, at *1 (3d Cir. May 4, 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). Second, Caddle has not shown that a sentence reduction "is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

If Caddle in the future files a motion under 18 U.S.C. § 3582, the Government will respond as directed. But even if, following the exhaustion of all his administrative rights to appeal, Caddle filed a motion for compassionate release that identified extraordinary and compelling circumstances, the Government is doubtful that the § 3553(a) factors would favor relief.

For these reasons, the Government respectfully submits that the Court should decline to grant Caddle any relief.

Respectfully submitted,

VIKAS KHANNA
Acting United States Attorney

By:  */s/ Matthew Specht*
MATTHEW SPECHT
Assistant U.S. Attorney

cc:   Sean Caddle (via First Class Mail)

---

[1] Nor does the Reply identify any grounds for relief, for the reasons the Government previously identified. *See* ECF Nos. 55 (Reply), 53 (Response).